JOSEPH S. PLUM, executor,

*v.*

JOHN B. SMITH et al.

[Decided January 19th, 1906.]

1. A legacy given in lieu of dower will not abate if at the time of the making of the will the wife had an inchoate right to any dower out of the testator's estate.

2. A will giving testator's wife the interest on a sum of money, so long as she lives and remains unmarried, "to be left secured on my real estate," does not require the legacy to be secured by a mortgage on testator's real property, but creates a charge thereon without the aid of a mortgage.

On bill, &c.

Mr. *Oliver I. Blackwell,* for the complainant.

Mr. *John B. Hoffman,* for the defendants.

BERGEN, V. C.

Joseph Plum died, leaving a last will and testament in which the only provision he made for his widow is expressed in the second and third items thereof as follows:

"*Second.* I give and bequeath to my beloved wife, Hannah, the interest on $2,000 as long as she lives and remains unmarried and my widow, to be left secured on my real estate, but on her decease or marriage to be equally divided among my children.

"*Third.* I also give, devise and bequeath to my beloved wife, Hannah, all my household furniture except wardrobe," &c.

The executors named, and who qualified, were the widow and Joseph S. Plum, a son, who invested the sum of $2,000 in a mortgage on lands of which the testator died seized, and the interest on this mortgage was paid to the widow until April 1st, 1893, between which date and the date of her death, July 20th, 1895, the interest remains unpaid. The mortgage has been foreclosed, the property sold, and the amount realized not sufficient to pay the principal and interest in full, and the question presented is whether the administrator of the widow is entitled to priority in payment to the extent of the unpaid interest. The claim of the administrator is that the widow, having accepted the bequest in her favor in lieu of her dower in land, is entitled to be paid the compensation which it was agreed she should have when she accepted the provision made for her in the will, rather than that conferred upon her by the law. While this will does not, in terms, declare that the legacy was intended to be in lieu of dower, it is quite manifest that the provision made by this testator had that object in view, and that the widow did elect to accept the testamentary gift in satisfaction of her claim for dower. It is a general rule that a legacy given in lieu of dower shall not abate if at the time of the making of the will the wife

had an inchoate right to any dower out of the testator's estate, for in that case the widow, if she does not dissent to the bequest, is accepting a compensation for the dower which ought to be paid at the price fixed. It is not a voluntary bounty or favor, but a meritorious consideration. *Perrine* v. *Perrine, 6 N. J. Law (1 Halst.) 133, 138.*

The testator here gives to his wife the interest on $2,000 as long as she lives and remains unmarried, "to be left secured on my real estate," and on the argument it was insisted that these words should be interpreted to mean "secured by a mortgage," but it can hardly be doubted that this language will charge the payment of this interest on testator's land without the help of a mortgage. The land upon which this mortgage was an encumbrance was all the real property of which the testator died seized, and consequently constituted all of the real estate charged with the payment of the widow's legacy. If at any time during her life it became necessary to enforce the payment of her legacy, she could have, by proper proceedings, obtained a decree for the sale of so much of the land as might be necessary to raise and pay the share of her legacy which had matured, and such payment would have been at the expense of the *corpus* of the fund, and if necessity required, might, by repeated sales, have ultimately exhausted the principal. That the land which was charged with the payment of this legacy has been sold by other proceedings, and thereby reduced to money, does not, in my judgment, relieve the fund from the obligation which the testator imposed upon the land.

My conclusion is that the widow was entitled to be paid the interest on $2,000 as long as she lived unmarried; that this bequest in lieu of dower is charged upon the lands of the testator, and that the widow cannot be called upon to abate her legacy so long as any portion of the real estate of the testator, or the proceeds thereof out of which payment can be made, remains. It is the surrender of existing rights which gives the preference to a legatee of this character, and as was declared by Lord Hardwicke (*1 Rop. Leg. 297*), "the wife's abandonment of her legal rights would entitle her to payment of the whole of

the benefits which were given to her under the will, in preference to the other general legatees."

The contest here is between the general legatees of the testator and the representative of a widow who surrendered her dower right for a consideration, which the law says she is entitled to have paid without abatement. While this cause originated in foreclosure proceedings, it has been before the chancellor on a motion to strike out part of the pleadings, and in passing upon that question the parties were allowed to amend the pleadings so as to present the issue now considered.

The result which I have reached is that the administrator of the widow is entitled to be paid, in preference to the other legatees, the residue of the compensation promised the widow as a consideration for her dower.